**United States District Court**
**Central District of California**

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**    2:20-cr-00222-MCS-2 |
| **Defendant**    C'est Toi Jeans, Inc. | **Social Security No.**   N    o    n    e |
| akas:    C'EST TOI; JBLU; JBLUE; GLLR | (Last 4 digits) |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Sept. | 29 | 2025 |

**COUNSEL**    Beau B. Brindley, Retained; Edward R. H. McDavid, Retained; and Michael J. Thompson, Retained

(Name of Counsel)

**PLEA**    [ ] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [X] **NOT GUILTY**

**FINDING**    There being a finding/verdict of GUILTY, defendant has been convicted as charged of the offense(s) of:
Conspiracy in violation of 18 U.S.C. § 371 as charged in Counts 1 and 13, Entry of Goods Falsely Classified in violation of 18 U.S.C. §§ 541, 2(a), 2(b) as charged in Counts 2-4, Entry of Goods by Means of False Statement in violation of 18 U.S.C. §§ 542, 2(a), 2(b) as charged in Counts 5-7, Passing False or Fraudulent Papers through Customhouse in violation of 18 U.S.C. §§ 545, 2(a), 2(b) as charged in Counts 8-10, International Promotional Money Laundering in violation of 18 U.S.C. §§ 1956(a)(2)(A), 2(a) as charged in Counts 11-12, Concealment Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) as charged in Counts 14 and 17, Failure to File Report of Currency Transaction in a Nonfinancial Trade or Business in violation of 31 U.S.C. §§ 5331(a)(1), 5324(b)(1), 5324(d)(2) as charged in Counts 21-24 of the First Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby placed on probation on each of Counts 1 through 14, 17, and 21 through 24 of the First Superseding Indictment for a term of five years, all such terms to run concurrently under the following terms and conditions.

Defendant shall be placed on probation under the following terms and conditions:

1. C'est Toi Jeans shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of C'est Toi Jeans, as directed by the Probation Officer.
2. C'est Toi Jeans shall provide the Probation Officer access to any requested financial information.
3. C'est Toi Jeans shall apply all monies received from income tax refunds, lotter winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding Court ordered financial obligation.
4. Within 30 days from the date of this judgment , C'est Toi Jeans shall designate an office of C'est Toi Jeans to act as the Corporation's representative and to be the primary contact with the Probation Officer.
5. C'est Toi Jeans shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.
6. C'est Toi Jeans shall notify the Probation Officer ten days prior to any change in the

USA vs.   C'est Toi Jeans, Inc.                                      Docket No.:    2:20-cr-00222(A)-MCS

principal business or mailing address or within 72 hours if advance notice is not possible.

7. C'est Toi Jeans shall permit a Probation Officer to visit the corporation at any of its operating business sites.

8. C'est Toi Jeans shall report to the Probation Officer as directed and shall submit a truthful and complete written report within the first five days of each month.

9. C'est Toi Jeans shall develop and submit to the Court an effective compliance and ethics program consistent with §8B2.1 (Effective Compliance and Ethics Program), which will be called "the program."  C'est Toi Jeans shall include in its submission a schedule for implementation of the compliance and ethics program.

10. C'est Toi Jeans  shall make periodic submissions to the Court or Probation Officer, at intervals specified by the Court, (A) reporting on the defendant organization's financial condition and results of business operations, and accounting for the disposition of all funds received, and (B) reporting on the defendant organization's progress in implementing the program.  Among other things, reports under subparagraph (B) shall disclose any criminal prosecution, civil litigation, or administrative proceeding commenced against the defendant, or any investigation or formal inquiry by governmental authorities of which the defendant organization learned since its last report.

11. C'est Toi Jeans shall notify the Probation Office with any names it uses to operate under.  To ensure compliance with this condition, defendant shall provide a full list of all names C'est Toi Jeans has used in any way over the past five years within 30 days of imposition of sentence.

12. C'est Toi Jeans is prohibited from employing any individual without lawful status to work in the United States; to ensure compliance with this condition, the defendant shall provide a full list of employees and proof of employment status to the USPO no later than 30 days from the imposition of sentence.

13. C'est Toi Jeans shall retain an independent, third-party compliance monitor ("the Monitor") to review and assess in a professionally independent and objective fashion C'est Toi Jeans' compliance with anti-money laundering laws, and all Customs and Border Protection related laws and regulations as well as C'est Toi Jeans' compliance with the terms of defendant's sentence in this matter.  The Monitor's duties, powers, and responsibilities are as follows:

   a. The Monitor's primary responsibility is to assess and monitor the Company's compliance with the terms of the sentence so as to specifically address and reduce the risk of any recurrence of the Company's misconduct, including evaluating the Company's corporate compliance program with respect to Anti-Money Laundering laws and regulations (collectively, "AML laws"), and Customs and Border Protection rules and regulations, and making recommendations for improvement.

   b. Within forty-five (45) calendar days after the sentencing, and after consultation with the Unites States Attorney's Office for the Central District of California (the "USAO"), the Company will propose to the Court three candidates to serve as the Monitor, who meet the criteria listed below.  The Company shall provide enough information, including certifications from the Monitor candidates, to allow the Court to determine whether the candidates meet the following criteria:

USA vs.  C'est Toi Jeans, Inc.                                    Docket No.:    2:20-cr-00222(A)-MCS

      i. At a minimum, the qualifications and experience sufficient in the opinion of the USAO to properly discharge the Monitor's duties;

      ii. The ability to access and deploy appropriate internal C'est Toi Jeans resources as necessary to discharge the Monitor's duties as described herein;

      iii. Sufficient independence from the Company to ensure effective and impartial performance of the Monitor's duties as described in the agreement;

      iv. No prior relationship with the Company; and

      v. No adversarial relationship with the USAO in any matter.

c. The USAO will provide the Court with a rank order of the candidates submitted by C'est Toi Jeans,

d. The Monitor shall remain in place for a minimum of three years, unless discharged by the Court.

e. All C'est Toi Jeans shareholders, employees and affiliates shall comply fully with the monitor.

f. The Monitor shall supply regular reports to the US Probation & Pretrial Services Office ("USPO") at intervals of not less than once a quarter.

g. Any dispute between C'est Toi Jeans and the Monitor shall be reported to the USAO, which will recommend a solution to the dispute.  Should C'est Toi Jeans or the Monitor not agree to the USAO's recommended solution, the parties shall raise the dispute with the USPO.

h. The USPO will involve the Court if necessary to resolve disputes.

14. C'est Toi Jeans shall not commit another federal, state, or local crime.

15. C'est Toi Jeans shall notify the Probation Officer immediately of any intent to sell the organization, change the name of the organization, merge with another business entity, or otherwise dissolve and/or modify, in any form or manner, the organizational structure from its present status.

16. If C'est Toi Jeans changes its name, or merges with another company through a stock or assets purchase, or sells or transfers all or substantially all of its business operations as they exist as of the date of conviction, the renamed, newly created, transferred, sold, or merged company shall be obligated to meet all of the obligations of C'est Toi Jeans in accordance with this judgment's orders pertaining to payment of restitution and the special assessment. C'est Toi Jeans shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto the obligations described in the Court-ordered conditions of probation.

It is ordered that the defendant shall pay to the United States a special assessment of $7,600, which is due immediately.

It is ordered that the defendant shall pay restitution pursuant to 18 U.S.C. § 3663A in the total amount of $15,633,831 as follows:

| Victim | Amount |
| --- | --- |

| USA vs. | C'est Toi Jeans, Inc. | Docket No.: | 2:20-cr-00222(A)-MCS |

Customs and Border Protection          $15,633,831

The defendant shall be held jointly and severally liable with co-defendants Si Oh Rhew and Lance Rhew for the total amount of restitution ordered in this judgment.

The Court finds the property identified in the preliminary order of forfeiture is subject to forfeiture. The parties represent that a settlement of the forfeiture component of the sentence is in process. Accordingly, the Court orders forfeiture of the seized property, the final disposition of which will be subject to settlement and an amended sentencing order pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C).

It is ordered that the defendant pay the United States a total fine of $11,500,000 within 10 business days of the entry of judgment.  This fine relates to C'est Toi Jeans' conviction on Counts 1 through 17 and 21 through 24 of the First Superseding Indictment.

Defendant advised of its right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| September 29, 2025 | *Mark C. Scarsi* |
| Date | U. S. District Judge Mark C. Scarsi |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| October  6, 2025 | By | /s/ Stephen Montes Kerr |
| Filed Date | | Deputy Clerk |

USA vs.   C'est Toi Jeans, Inc.                          Docket No.:      2:20-cr-00222(A)-MCS

[X] The defendant must also comply with the following special conditions (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. C'est Toi Jeans, Inc.          Docket No.: 2:20-cr-00222(A)-MCS

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____          By _____
Date                                       Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____          By _____
Filed Date                                 Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
Defendant                                        Date

_____          _____
U. S. Probation Officer/Designated Witness          Date